```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**RAUL BATISTA,**

                    **Plaintiff,**

        **v.**                                       CASE NO. 13-3152-SAC

**JARED WATSON, et al,**

                    **Defendants.**

## O R D E R

This matter comes before the court on a complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in a Kansas Correctional Facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis.

### Motion for Leave to Proceed In Forma Pauperis

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the sparse financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**Screening the Complaint, 28 U.S.C. § 1915A**

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). While a pro se complaint must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id.* at 555.

Having considered the complaint, the court finds it is subject to being summarily dismissed for the following reasons.

Plaintiff names the following three defendants in his complaint: Douglas Burris, as the Kansas Department of Corrections Secretary Designee; James Heimgartner, as the facility warden; and Jared Watson, as the administrative supervisor of the B cellhouse.

Plaintiff broadly claims he is being denied meaningful review of his continued administrative segregation because he is not proficient in the English language and translation assistance is not provided during periodic reviews of his segregation status. Plaintiff provides copies of administrative grievance responses informing plaintiff that his request for translation help with "legal work" was denied because staff declined to help plaintiff with civil matters, and that plaintiff's requests for translation help from inmates pursuant to the manual for Internal Management Policies and Procedures (IMPP) were denied because the IMPP did not authorize translation assistance from other inmates.[1]

On these allegations plaintiff broadly claims violations of the Due Process Clause and the American Disabilities Act (ADA), and he seeks damages for the violation of his rights and for mental anguish.

However, plaintiff's bare and conclusory claims fail to provide

---

[1] The administrative grievance responses provided also informed plaintiff that disciplinary matters were not subject to the grievance procedure, but plaintiff does not identify any specific disciplinary action at issue regarding his allegations.

any factual basis for plausibly establishing a viable claim for relief against any of the named defendants. *See Hall*, 935 at 110("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.") (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

Additionally, "for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir.2006)). A defendant cannot be held liable in a civil rights action based solely upon his or her supervisory capacity. *Sandifer v. Green*, 126 Fed.Appx. 908, 909 (10th Cir.205). Nor can personal participation be shown based solely upon one's denial of an administrative grievance. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009). Accordingly, to the extent plaintiff names Heimgartner and Burris as defendants only because they reviewed and denied plaintiff's administrative appeals, this is insufficient to establish each defendant's personal participation in the alleged violation of plaintiff's rights.

Accordingly, absent amendment of the complaint to clarify plaintiff's claims and to provide a sufficient factual basis for proceeding against any of the three named defendants, the complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under § 1983 or the ADA.

**Notice and Show Cause Order to Plaintiff**

Plaintiff is thereby directed to show cause why the complaint should not be summarily dismissed pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). The failure to file a timely response may result in the complaint being summarily dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 5th day of November 2013 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge